PEOPLE v BONE

Docket No. 206372. Submitted June 10, 1998, at Detroit. Decided July 14,
1998, at 9:10 A.M. Leave to appeal sought.

Christopher S. Bone was convicted by a jury in the Oakland Circuit
Court, Robert C. Anderson, J., of third-degree criminal sexual con-
duct. The defendant appealed, claiming that he was denied a fair
trial because the trial court allowed the victim to testify that she
had been a virgin before her alleged rape by the defendant and
allowed the prosecutor to refer to the victim's virginity in remarks
during opening statement, direct examination of the victim, and
closing argument.

The Court of Appeals *held*:

MRE 404(a) provides generally that evidence of a person's char-
acter or a trait of character is not admissible for the purpose of
proving action in conformity therewith on a particular occasion;
however, one of the four exceptions to the general rule provides
that in a prosecution for criminal sexual conduct, evidence of the
victim's past sexual conduct with the defendant and evidence of
specific instances of sexual activity showing the source or origin of
semen, pregnancy, or disease may be admissible. MRE 404(a)(3).
This exception precludes the use of evidence of a victim's virginity
as circumstantial proof of the victim's unwillingness to consent to
the sexual act. The erroneous admission of such evidence in this
case was not harmless because it affected the jury's determination
of the credibility of the victim and of the strength and weight of the
untainted evidence.

Reversed and remanded for a new trial.

RAPE — CRIMINAL SEXUAL CONDUCT — EVIDENCE — VIRGINITY.

Evidence of a victim's virginity as circumstantial proof of the victim's
unwillingness to consent to a sexual act is not admissible in a pros-
ecution for criminal sexual conduct (MRE 404[a][3]).

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *David G. Gorcyca*, Prosecut-
ing Attorney, *Richard H. Browne*, Chief, Appellate

Division, and *Rae Ann Ruddy*, Assistant Prosecuting Attorney, for the people.

*Hardig Parsons & Pedersen, PLLC* (by *Bradley S. Stout*), for the defendant.

Before: WAHLS, P.J., and HOLBROOK, JR., and FITZGERALD, JJ.

PER CURIAM. Defendant was charged with two counts of third-degree criminal sexual conduct (CSC), MCL 750.520d(1)(c); MSA 28.788(4)(1)(c).[1] Following a jury trial, he was convicted of one count of third-degree CSC[2] and was sentenced to a prison term of three to fifteen years. He appeals as of right. We reverse and remand for a new trial.

On appeal, defendant contends that the prosecutor's references to the victim's virginity violated MRE 404(a)(3) and denied him a fair trial. We agree and, therefore, reverse defendant's conviction.

On September 6, 1996, the sixteen-year-old victim and her younger sister were home in the care of their nineteen-year-old brother, Brian, while their parents were out of town. Brian had some friends visit that evening, including defendant, whom the victim had never met. Throughout the course of the evening Brian and his friends remained primarily in the basement of the house and the victim and her sister were in the victim's upstairs bedroom watching television. Defendant offered the victim a beer on two different occasions, and at one point defendant put his arm around the victim's waist and indicated that he was

---

[1] One count charged vaginal penetration and one count charged rectal penetration.

[2] Defendant was convicted of the count charging vaginal penetration.

going to help her up the stairs. The victim declined his offer of assistance and went to her room with her sister to watch television.

The victim fell asleep, fully clothed, on top of the bed covers while watching television. She testified that the next thing she remembered was waking up to the sensation of someone kissing her. She realized at that point that she had no clothing on and, when she opened her eyes, she observed defendant, who was naked from the waist down. The victim testified at trial that she pretended to be asleep while defendant penetrated her both vaginally and rectally. She testified that she consented to none of these acts, but that she did not scream or resist because she had never had sexual intercourse and was afraid that defendant would hurt her.

According to police, defendant initially denied any sexual contact with the victim, but subsequently admitted having consensual sexual intercourse with the victim. Although defendant did not testify at trial, the testimony of witnesses who testified on his behalf and his closing argument were directed toward establishing the defense of consent.

On appeal, defendant argues that the victim's testimony and the prosecution's repeated references to the victim's virginity denied him a fair trial. He asserts that MRE 404(a)(3) prohibits the admission of such evidence for the purpose of refuting a defense of consent. We agree.

MRE 404(a)(3) states:

*Character evidence generally.* Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

*    *    *

(3) *Character of victim of sexual conduct crime.* In a prosecution for criminal sexual conduct, evidence of the victim's past sexual conduct with the defendant and evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

We interpret MRE 404(a)(3) to preclude the use of evidence of a victim's virginity[3] as circumstantial proof of the victim's current unwillingness to consent to a particular sexual act.[4]

Here, the prosecutor sought to admit evidence of the victim's virginity for the limited purpose of explaining inconsistencies in the victim's testimony regarding what she told police following the incident. However, the context of the prosecutor's opening statement, direct examination of the victim, and closing argument shows that the prosecutor used evidence of the victim's virginity to demonstrate to the jury that because the victim had no prior sexual experience, she was less likely to have consented to sexual relations with defendant on the night of the incident.

---

[3] We note, however, that evidence introduced for some other relevant purpose does not become inadmissible merely because it tends to show that the victim was a virgin.

[4] The prosecution urges this Court to follow *People v Mooney*, 216 Mich App 367; 549 NW2d 65 (1996), nullified 454 Mich 904 (1997). Not only is *Mooney* of no precedential value, but also the issue presented in *Mooney* is not the same issue presented in this case. In *Mooney*, the Court held that the rape-shield statute, MCL 750.520j(1); MSA 28.788(10)(1), afforded no protections to the accused and, therefore, a rape victim is not prohibited from testifying about her lack of prior sexual activity. Here, defendant does not contend that the rape-shield statute barred evidence of the victim's virginity, but rather that such evidence is inadmissible under MRE 404(a) and MRE 403. The majority opinion in *Mooney* did not address this issue.

In her opening statement, the prosecutor stated that the victim "never even kissed a boy before. She was not kissing him back. She was doing nothing to encourage him whatsoever."[5] On direct examination, when the victim could not describe the size of defendant's penis or how deeply he penetrated her, the prosecutor asked the victim whether she ever had sex before, to which the victim answered "No."[6] During closing argument, the prosecutor stated, "She's gonna voluntar[il]y give it up to him when she's been waiting? I don't think so. That's not credible evidence." The prosecutor contended that the victim would not consent to sexual activity because she had never done so previously, essentially arguing that the victim was acting in conformity with her prior lack of sexual activity. Evidence of the victim's virginity is barred for this purpose under MRE 404(a)(3).

We must determine whether the erroneous admission of the evidence was harmless. An error is harmless if it is highly probable that, in light of the strength and weight of the untainted evidence, the tainted evidence did not contribute to the verdict. *People v Gearns*, 457 Mich 170, 205-207 (BRICKLEY, J.), 218-220 (CAVANAGH, J.); 577 NW2d 422 (1998).

As in many sexual assault cases, the principal issue confronting the jury in determining whether the victim consented to sexual relations with defendant was the credibility of the victim. Because the strength and

---

[5] It is important to note that the victim had not yet testified, and therefore there was no need at this point for the prosecutor to explain any inconsistencies in her testimony.

[6] Contrary to the prosecutor's contention, there is no indication in the victim's testimony that her inability to describe defendant's penis and how deeply he penetrated her was due to her lack of sexual experience.

weight of the untainted evidence depended on the jury's determination of the credibility of the victim, we cannot conclude that admission of evidence of the victim's virginity, and the prosecutor's suggestion that because the victim was chaste she would not have consented to sexual relations with defendant, was harmless. Indeed, defendant's first trial, where evidence of the victim's virginity was not admitted, resulted in a hung jury on the count of vaginal penetration and an acquittal on the count of rectal penetration. Our review of the transcripts of both trials reveals that the only significant difference in the evidence presented at the two trials was the admission in the present trial of evidence of the victim's virginity.

Reversed and remanded for a new trial. Jurisdiction is not retained.